MICHAEL RAPUANO v. RICHARD ODER ET AL.

BOGDANSKI, PETERS, HEALEY, PARSKEY and D. SHEA, Js.

Argued May 15—decision released July 15, 1980

*Brian M. Gildea,* for the appellants (defendants).

*John E. McNerney,* for the appellee (plaintiff).

PER CURIAM. This appeal was taken by the defendant[1] from the judgment rendered on the jury's verdict in a negligence action arising out of a collision between the parties' motor vehicles. The plaintiff alleged in his complaint that the defendant's negligence was the proximate cause of the accident and his injuries. The defendant denied the material allegations of the plaintiff's complaint and filed a counterclaim alleging that the plaintiff's negligence was the proximate cause of the accident and the damage to his motor vehicle. The jury found in favor of the plaintiff on the complaint and on the counterclaim, and found the plaintiff's dam-

[1] Although both Richard Oder and Judith Oder were defendants in this case, we refer only to the defendant Richard Oder in this opinion.

ages to be $21,000. It reduced the amount of its verdict by 10 percent, however, which represented the degree of comparative negligence that it found attributable to the plaintiff under the defendant's special defense of contributory negligence. See General Statutes § 52-572h.

On appeal, the defendant claims that the trial court erred basically in two respects: in refusing to grant his motion for a directed verdict and his later motion to set aside the verdict on the ground that the evidence introduced by the plaintiff was insufficient as a matter of law to support a finding that the defendant was negligent; and in its charge to the jury relating to the operation of General Statutes § 14-218a.

A resolution of the defendant's first claim requires a review of the evidence presented by the parties and summarized in their briefs in the light most favorable to sustaining the verdict. *Sauro v. Arena Co.*, 171 Conn. 168, 169, 368 A.2d 58 (1976); Maltbie, Conn. App. Proc. § 189. The jury could reasonably have found the following facts: On June 7, 1976, at about 1 p.m., the plaintiff, who was operating a motorcycle, was proceeding in the left lane of the two westbound lanes of Whalley Avenue, a four-lane highway in New Haven. As the plaintiff approached the intersection of Whalley Avenue and Winthrop Avenue, a two-lane highway, he was traveling at a speed of between twenty-five and thirty miles per hour. As the plaintiff entered the intersection the traffic signal was green. After he entered the intersection, however, the signal changed to yellow. As the plaintiff proceeded through the intersection, he struck the right door

in the center of the defendant's automobile. The plaintiff sustained serious, permanent injuries as a result of the collision.

The defendant claimed that he entered the intersection when the traffic signal facing him was green. He also testified that he caught a glimpse of something ten feet to his right that was moving. After the collision of the parties' vehicles, the defendant's vehicle continued in motion, mounted the curb missing a telephone pole, and came to a stop on the easterly sidewalk of Winthrop Avenue when the emergency brake was applied.[2] He also claimed to have proved, in support of his special defense of contributory negligence, that the plaintiff was operating his motorcycle at a speed in excess of the posted speed limit.

The test for determining the validity of the jury's verdict is whether the evidence, fairly and impartially considered, would be likely to induce in the minds of six persons of ordinary intelligence, attentively considering it and using common-sense logic, a reasonable belief that it is more probable than not that the facts in issue are true. *O'Brien* v. *Cordova,* 171 Conn. 303, 305, 370 A.2d 933 (1976); *LeBlanc* v. *Grillo,* 129 Conn. 378, 382, 28 A.2d 127 (1942). If the jury could reasonably have concluded as they did on the evidence presented, the trial court's action on the motions for a directed verdict and to set aside the verdict will not be disturbed. *Sauro* v. *Arena Co.,* supra, 169. We have said in this regard that "[t]he concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court," *Chanosky*

---

[2] Immediately after the collision, the engine of the defendant's automobile stopped functioning.

v. *City Building Supply Co.*, 152 Conn. 642, 643, 211 A.2d 141 (1965); see *Murphy* v. *Soracco*, 174 Conn. 165, 169, 383 A.2d 1350 (1978); *Birgel* v. *Heintz*, 163 Conn. 23, 30, 301 A.2d 249 (1972).

As the brief summary of the evidence set out above indicates, there was sufficient evidence of the defendant's negligence to support the jury's verdict. A critical fact that the jury had to resolve was which of the parties was lawfully passing through the intersection at the time the collision occurred. The plaintiff's testimony was that as he entered the intersection the traffic signal facing him was green and that, only after he was in the intersection, did it change to yellow. This testimony the jury, as the judges of credibility, were entitled to believe. See *Thomas* v. *Katz*, 171 Conn. 412, 415, 370 A.2d 978 (1976); *Rood* v. *Russo*, 161 Conn. 1, 3, 283 A.2d 220 (1971). By implication, the jury also were entitled to disbelieve the defendant's version of the incident and to conclude that the defendant entered the intersection when the traffic signal facing him was not yet green.[3] This fact, which we must assume was found by the jury; see *Angelica* v. *Fernandes*, 174 Conn. 534, 535, 391 A.2d 167 (1978); would support a conclusion that the defendant was negligent.[4] The jury's conclusion that the defendant's breach of his duty under

---

[3] The defendant's argument that the plaintiff was obliged to prove that the traffic signal operating at the intersection was in good working order at the time of the collision is without merit. Absent any indication to the contrary, the proper working order of the traffic signal may fairly be inferred by the jury.

[4] The plaintiff's cause of action against the defendant finds a basis not only in the common-law standard of due care but in the standard established in the statute relating to traffic signals as well. See General Statutes § 14-299; *Wright* v. *Brown*, 167 Conn. 464, 468–69, 356 A.2d 176 (1975); Restatement (Second), 2 Torts §§ 286, 288.

the common law and applicable statutes caused the collision and the plaintiff's resulting injuries was also reasonable in light of the evidence presented.[5] The jury could reasonably have concluded as they did.

The defendant also claims that the court erred with respect to its charge to the jury relating to the speed of the vehicles and the effect of General Statutes § 14-218a. This statute, which authorizes the state traffic commission and the traffic authority of any municipality to establish and post speed limits for state and local highways and roads, goes on to provide: "Any speed in excess of such limits . . . shall be prima facie evidence that such speed is not reasonable . . . ." General Statutes § 14-218a. The trial court instructed the jury in this regard as follows: "The statute does not say [that] any speed in excess of the speed limit is necessarily an unreasonable speed; it merely puts on the driver, who is found to be driving faster than the speed limit, the burden of proving that his speed was reasonable under all of the circumstances." The defendant claims that the trial court erred in its charge "when it implied that excessive speed was not necessarily unreasonable." This argument does not reflect the language of the statute. Section 14-218a does not create an irrebuttable presumption that speed in excess of the speed limit is unreasonable; nor does it create a rebuttable presumption on that issue that would shift the burden of proof to the opposing party, as the court's instruction

---

[5] We note in this regard that the jury reduced the plaintiff's recovery by the extent to which it had concluded that a certain degree of negligence was attributable to the plaintiff. The small amount by which the plaintiff's recovery was reduced, however, indicates that the defendant's negligence was the major factor in causing the collision.

suggested. See McCormick, Evidence (2d Ed.) § 342. The statute provides only that speed in excess of the speed limit is prima facie evidence that such speed is unreasonable. In *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 489, 172 A.2d 381 (1961), we said: "The phrase 'prima facie evidence' means evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove." The effect of the statute is only to relieve the party who relies upon it from producing further evidence tending to prove that his opponent's speed was unreasonable.[6] It does not, however, preclude his opponent from introducing evidence tending to prove that, under all of the circumstances, the speed of his motor vehicle was, nonetheless, reasonable. See *Mott's Super Markets, Inc.* v. *Frassinelli,* supra, 489. Because the instruction given by the court was more favorable to the defendant than that to which he was entitled, under his special defense of contributory negligence, he cannot complain of the court's error in this regard. The error was harmless to the defendant. Maltbie, Conn. App. Proc. §§ 39, 96.

There is no error.

---

[6] Of course, the party relying upon the statute would be relieved of producing further evidence of his opponent's negligence only where the opponent's excessive speed was the proximate cause of the collision.