[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
In the above entitled action of the jury returned a defendant's verdict after a trial of several days. The plaintiff has now filed a motion to set aside the verdict on the following grounds:
1. It is contrary to the law.
2. It is against the evidence.
The facts of the case are fairly simple. On April 12, 1988 at about 5:00 P.M. the plaintiff, Henry Simlick was operating his motor vehicle in a northerly direction on Route I-91 in the Town of Windsor and was being followed directly to his rear by a car operated by the defendant, Katherine Mashiak-Stango. Traffic was "stop and go" and the defendant testified that her speed varied from 5 m.p.h. to 20 m.p.h. from time to time. One of the plaintiffs' claims of negligence is Section 14-240 (a) of the Connecticut General Statutes which states: "no driver of a motor vehicle shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of each vehicle, the traffic upon and the condition of the highway and weather conditions." The defendant directly admitted that she did not have enough distance to stop without striking the plaintiff. In response to the question as to whether the defendant was following too closely to avoid hitting the plaintiff, she stated that she understood that "It's obvious."
With respect to the force of the collision the defendant's accident report (Defendant's Exhibit I) indicates that the rear end of his 1984 Chrysler Blazer suffered damages at $2031.76 and the defendant herself testified that her own automobile had to be towed away. The State Police Officer testified that there was front end damage to the defendant's vehicle.
The Court finds that the above statements of the defendant regarding the violation of 14-240 (a) are unequivocal concessions that the defendant was violating the statute and as such constitute a judicial admission and are binding on her.
The plaintiff, the state trooper and the defendant all testified as to the clean condition of the highway pavement; that there were no visual obstructions, there were no weather problems at the time of the incident and that the plaintiffs' brake lights were in working order immediately prior to the CT Page 7686 impact.
The test for determining the validity of the jury's verdict is whether the evidence, fairly and impartially considered, would be likely to induce in the minds of six (6) persons of ordinary intelligence, attentively considering it and using common-sense logic, a reasonable belief that it is more probable than not that the facts in issue are true. Rapuano v. Oder, 181 Conn. 515, 517 and cases cited therein.
As the plaintiffs point out in their brief "Although the Court must consider the evidence in the most favorable light in support of the verdict it must do so only to the point of which it is reasonably capable." Healy v. White, 173 Conn. 438,442 (1977).
In passing upon a motion to set aside a verdict the trial court must view the evidence offered at trial "in the light most favorable to sustain the verdict." Wochek v. Foley, 193 Conn. 582, 587 (1894); Shenefield v. Greenwich Hospital Association, 10 Conn. App. 239, 247 (1987).
It is the opinion of this Court that the jury could not have reasonably and legally concluded that the defendant was not negligent and that such negligence was a substantial factor in causing the injuries suffered by the plaintiff.
The verdict is set aside and a new trial is ordered.
HON. HARRY N. JACKAWAY, J. Superior Court Judge