[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by the named plaintiff as purported assignee and present holder of an alleged mortgage note and deed given by the defendant, Rose Mario Cymbala, to a Connecticut Corporation, Connecticut Investment Co., Inc. The complaint is in two counts, the first of which was disposed of by summary judgment on June 16, 1990. This trial proceeded on the second count which sought, inter alia, a foreclosure of the mortgage.
Upon trial of the issues, testimony elicited by the plaintiff established that on August 4, 1988 the defendant Cymbala executed a mortgage note (Exhibit H) and deed (Exhibit G) to Connecticut Investment Co., Inc. secured by a real estate owned by the defendant in the town of Essex, Connecticut. This note and deed were assigned to the plaintiff on August 1, 1990 (Exhibit E). Admittedly he owned a minority interest in the equity.
No evidence was introduced by the plaintiff of any probative value to establish that consideration for said note and deed was given by the original mortgagee, Connecticut Investment Co., Inc., to the defendant Cymbala.
Further, no evidence was offered nor presented as to the appraisal of the mortgaged real estate and or its current market value. There is no evidence before this court as to any default of payment or of other terms of the note nor the amount of any alleged debt presently due and owing from the plaintiff to anyone who has an interest in this underlying note.
At the conclusion of the plaintiff's case the defendant Cymbala moved the court for a judgment of dismissal pursuant to Practice Book Sec. 302 for failure of the plaintiff to establish an or make out a prima facie case.
This court agrees and indicated that the motion was granted of record. As to the allegations set forth in CT Page 11340 the second count of the complaint no evidence was produced of default, debt or value of the mortgaged real estate. Further as to the status of the plaintiff as assignee of the mortgage note and deed, no evidence was presented that the original mortgagee, Connecticut Investment Co., Inc. paid nor that the defendant Cymbala received any form of consideration from Connecticut Investment Co., Inc. pursuant to the terms of the note and the deed. It would necessarily follow that the plaintiff, as assignee, could legally acquire no more than what the original mortgagee-assignor, Connecticut Investment Co., Inc. had the capability to assign. Failing evidence of such, the assignment herein would be a nullity.
Prima facia evidence is that which, if credited, is sufficient to establish the fact or facts it is adduced to prove. Rapuano v. Oder, 181 Conn. 515, 520, or to state it another way, "A judgment of dismissal is proper when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff." Hinchliffe v. American Motors Corp, 184 Conn. 607,609.
For the reasons set forth hereinbefore this court finds the plaintiff did not make out a prima facia on the issues at hand and judgment of dismissal is entered. Costs as taxed by the clerk are allowed the defendant.
HIGGINS, J.