633 S.E.2d 261

**LAWYER DISCIPLINARY BOARD, Petitioner,**

v.

**Larry E. LOSCH, a member of The West Virginia State Bar, Respondent.**

No. 32554.

Supreme Court of Appeals of West Virginia.

Submitted: May 10, 2006.

Decided: June 29, 2006.

Lawrence J. Lewis, Office of Disciplinary Counsel, Charleston, for Petitioner.

Robert P. Martin, Esq., Campbell, Woods, Bagley, Emerson, McNeer, & Herndon, P.L.L.C., Charleston, for Respondent.

PER CURIAM.

This matter arises from respondent Larry E. Losch's objection to the sanctions recommended by a Hearing Panel Subcommittee of the Lawyer Disciplinary Board for violations of the *West Virginia Rules of Professional Conduct.* The respondent was charged with violating Rules 8.4(c) and 8.4(d). The re-

spondent disputes that he violated either Rule 8.4(c) or 8.4(d) and argues that the Hearing Panel Subcommittee made incorrect factual conclusions in this matter and that the sanctions are inappropriate.

We adopt the Hearing Panel Subcommittee's recommendations as modified.

I.

On March 7, 2005, the Investigative Panel of the Lawyer Disciplinary Board ("Board") charged the respondent, Larry E. Losch, with violation of Rules 8.4(c) and 8.4(d) of the *West Virginia Rules of Professional Conduct.*[1] A Hearing Panel Subcommittee ("Panel") of the Board determined that the respondent had violated Rules 8.4(c) and 8.4(d) and recommended to this Court that the respondent be suspended from the practice of law for thirty days; that he be required to complete twelve hours of continuing legal education ("CLE") in the area of ethics beyond that required for the respondent's next reporting period; that his law practice be supervised for one year following reinstatement; and that he pay the costs of this disciplinary proceeding in the amount of $692.07.

The matter comes to this Court upon the respondent's objection to the recommended sanctions. For the reasons *infra,* this Court accepts, in part, and rejects, in part, the recommended sanctions of the Panel.

In June 2001, respondent Larry E. Losch instituted a civil action in the Circuit Court of Nicholas County on behalf of a client against "Jamie Woods, individually, and Jamie Woods d/b/a Woods Construction Company, Defendants." On March 26, 2002, the respondent obtained a default judgment against the defendant in the amount of $8,295.31, plus costs. After obtaining a default judgment, the respondent learned that Jamie Woods was doing work for Midstate Pre–Owned Autos, a local business.

The respondent obtained a suggestion (suggestee execution) from the circuit clerk

---

**1.** *West Virginia Rules of Professional Conduct,* Rule 8.4 [1995] states:

It is professional misconduct for a lawyer to:
...

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice[.]

directed to "Midstate Pre–Owned Autos, LLC., Gregory A. Tucker, Summersville, West Virginia." Upon receiving the suggestion from the circuit clerk's office, the respondent added the language, following the identification of Jamie Woods, "and dba AJM Corporation" to the copy of the suggestion that was served upon Midstate Pre–Owned Autos.[2]

A Motion to Quash Suggestion was filed in the circuit court by AJM Corporation. The motion was granted on the grounds that the suggestion had been altered after it had been issued.

At the hearing before the Panel, the respondent explained that he added the "and dba AJM Corporation" language to the suggestion upon the belief that defendant had been operating as AJM Corporation doing work for Midstate Pre–Owned Autos. This was after he received the suggestion from the clerk's office. The respondent admits that he did not file a motion or take any other action to amend the judgment order against Jamie Woods to include "AJM Corporation." Nor did he obtain any court order authorizing the issuance of a suggestion upon "AJM Corporation."

The respondent also argued that the alteration was made under the belief that the addition of "dba AJM Corporation" did not change the legal force and effect of the suggestion, and the action was, therefore, not a violation of Rules 8.4(c) or 8.4(d).

## II.

This court, in Syllabus Point 3 of *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 452 S.E.2d 377 (1994), held that:

A *de novo* standard applies to a review of the adjudicatory record made before the [Lawyer Disciplinary Board] as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the [Board's] recommendations while ultimately exercising its own independent judgement. On the other hand, substantial deference is given to the

[Board's] findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Similarly, we have held in Syllabus Point 3 of *Committee on Legal Ethics v. Blair*, 174 W.Va. 494, 327 S.E.2d 671 (1984), that:

This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions, or annulments of attorneys' licenses to practice law.

Finally, we held in Syllabus Point 3 of *Committee on Legal Ethics v. Walker*, 178 W.Va. 150, 358 S.E.2d 234 (1987), that:

In deciding on the appropriate disciplinary action for ethical violations, this Court must consider not only what steps would appropriately punish the respondent attorney, but also whether the discipline imposed is adequate to serve as an effective deterrent to other members of the Bar and at the same time restore public confidence in the ethical standards of the legal profession.

■ Mindful of these standards, we proceed to consider the law as applied to the instant case. After careful review of the record, we find that the actions of the respondent were unethical and clearly wrong. We also find that the respondent's conduct does prejudice the administration of justice and constitutes dishonesty, fraud, deceit and misrepresentation, in violation of *West Virginia Rules of Professional Conduct*, Rules 8.4(c) and 8.4(d). We conclude, however, that the sanctions recommended by the Panel exceed measures necessary to effectively punish the respondent, deter other members of the Bar from similar activity, and restore public confidence in the legal profession.

We next determine the appropriate form of discipline under these circumstances. Rule 3.15 of the *West Virginia Rules of Lawyer Disciplinary Procedure* enumerates the sanctions that may be imposed:

A Hearing Panel Subcommittee may recommend or the Supreme Court of Ap-

---

**2.** The alteration made by the respondent to the copy of the suggestion is as shown in italics: Jamie Woods, individually, and Woods Construction Company *and dba AJM Corporation.*

peals may impose any one or more of the following sanctions for a violation of the Rules of Professional Conduct or pursuant to Rule 3.14:(1) probation; (2) restitution; (3) limitation on the nature or extent of future practice; (4) supervised practice; (5) community service; (6) admonishment; (7) reprimand; (8) suspension; or (9) annulment. When a sanction is imposed, the Hearing Panel Subcommittee may recommend and the Court may order the lawyer to reimburse the Lawyer Disciplinary Board for the costs of the proceeding. Willful failure to reimburse the Board may be punished as contempt of the Court.

In determining the appropriate sanctions, this Court will review the facts on a case-by-case basis.

In disciplinary proceedings, this Court, rather than endeavoring to establish a uniform standard of disciplinary action, will consider the facts and circumstances in each case, including mitigating facts and circumstances, in determining what disciplinary action, if any, is appropriate, and when the [Lawyer Disciplinary Board] initiates proceedings before this Court, it has a duty to advise this Court of all pertinent facts with reference to the charges and the recommended disciplinary action.

Syllabus Point 2, *Committee on Legal Ethics of the West Virginia State Bar v. Mullins*, 159 W.Va. 647, 226 S.E.2d 427 (1976), overruled on other grounds by *Committee on Legal Ethics v. Cometti*, 189 W.Va. 262, 430 S.E.2d 320 (1993). Pursuant to Rule 3.16 of the *West Virginia Rules of Lawyer Disciplinary Procedure*[3] and our *de novo* standard of review, this Court will impose sanctions as it ultimately sees fit.

In consideration of mitigating circumstances, respondent argues that the addition of "dba AJM Corporation" to the suggestion has no legal effect,[4] therefore the respondent's actions, although intentional, did not create any actual or potential injury. Further, the respondent argues that AJM Corporation had its charter revoked and was not a legal entity at the time the suggestion was served upon Midstate Pre-Owned Autos. The respondent also contends that the alteration was to a *copy* of the suggestion rather than the original, that he was entitled to the suggestion against Jamie Woods, and that he did not attempt to recover more than what was due his client. Finally, the respondent asserts that his only reason for altering the suggestion was to ensure timely recovery for his client.

Regardless of the respondent's intentions, this Court will not ignore actions of a lawyer which reflect adversely on the legal system. Although the actions of the respondent may not have been injurious to an individual, we find that such actions are injurious to the legal system as a whole and adversely affect public confidence in our legal system.

This Court has stated that "[h]onesty is one of the cornerstones of the legal profession." *Office of Lawyer Disciplinary Counsel v. Galford*, 202 W.Va. 587, 590, 505 S.E.2d 650, 653 (1998) (*per curiam*). "The accuracy of documents and instruments utilized before a tribunal in proceeding is of utmost importance to the administration of justice." *Lawyer Disciplinary Board v. Ansell*, 210 W.Va. 139, 143 n. 5, 556 S.E.2d 106, 110 n. 5 (2001) (*per curiam*) quoting *Matter of Siegel*, 708 N.E.2d 869, 872 (Ind.1999). The respondent's unilateral altering of a court document cannot be rationalized, and any attempt to do

---

**3.** Rule 3.16 of the *West Virginia Rules of Lawyer Disciplinary Procedure* states:

In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in these rules, the Court or Board shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors.

**4.** This Court has yet to comment on the legal effect of d/b/a (doing business as), but several other jurisdictions have stated that the term d/b/a is directory language. For example, in *Bauer v. Pounds*, a Connecticut court stated:

It appears well settled that the use of a fictitious or assumed business name does not create a separate legal entity ... [and that] [t]he designation [d/b/a] "...is merely descriptive of the person or corporation who does business under some other name."

*Bauer v. Pounds*, 61 Conn.App. 29, 36, 762 A.2d 499, 503 (2000) quoting *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (1977).

so falls short of exonerating the respondent for his actions.

## III.

Based on the foregoing discussion, we conclude that the conduct of the respondent, Larry E. Losch, was unethical and constitutes a violation of the *West Virginia Rules of Professional Conduct.* This Court accepts the Lawyer Disciplinary Board's findings of fact and conclusions of law, that respondent violated Rules 8.4(c) and 8.4(d) of the *West Virginia Rules of Professional Conduct.* This Court accepts the recommendation of the Panel, in part, and rejects it, in part. We believe that suspension from the practice of law and supervision for one year is not necessary for the purposes of punishment of the respondent or restoration of public confidence in the ethical standards of the legal profession. We believe that suspension, in this case, would likely be more detrimental to the respondent's clients than punitive to the respondent. Furthermore, the violation in this case represents a single act rather than a pattern of professional misconduct that suggests the need for supervision. Additionally, we note that in this case there is but a single count in the charges against the respondent, and this is the first instance of the respondent having been before this Court for a violation of the *West Virginia Rules of Professional Conduct.*

Based on the foregoing, this Court holds that the recommended sanctions be modified. Pursuant to Rule 3.16 of the *West Virginia Rules of Lawyer Disciplinary Procedure,* this Court imposes the following sanctions: (1) Public reprimand, (2) twelve additional hours of continuing legal education in the area of ethics, to be completed in the next reporting period, and (3) payment of costs for this proceeding in the amount of $692.07. These sanctions will effectively punish the respondent, deter other members of the Bar from similar professional misconduct, and serve to ensure public confidence in the legal profession.

Recommendation Modified.