In the Matter of the Estate of LENA HAUSMAN, Deceased. GEORGE HAUSMAN, Respondent; FREDDA SIMON et al., Appellants. [858 NYS2d 330]—

In a probate proceeding in which the executor petitioned to determine the validity of a deed executed by the decedent Lena Hausman, the appeal is from an order of the Surrogate's Court, Kings County (Seddio, S.), dated May 11, 2007, which granted the petition to the extent of deeming the deed to be valid.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the deed is deemed invalid.

On October 16, 2000 the late Lena Hausman (hereinafter the decedent) executed a will dividing her residuary estate between her son George Hausman (hereinafter George), her daughter Susan Ruth Bersani (hereinafter Susan), and seven of her grandchildren. At the time she executed her will, the decedent was the owner of real property located at 1373 56th Street in Brooklyn. Almost one year later, on October 4, 2001, George Hausman (hereinafter George) executed articles of organization to form 1373 Realty Co. LLC (hereinafter the LLC) for the purpose of owning, operating, and managing the real property. On the same day, George and Susan also signed an operating agreement, which provided that they were to be the sole members of the LLC. On November 2, 2001 the decedent executed a deed transferring ownership of the real property to the LLC. However, the LLC's articles of organization were not filed with the Department of State until November 16, 2001, two weeks after the conveyance. Thus, it is undisputed that the property was purportedly transferred to the LLC before the LLC came into legal existence.

Following the decedent's death, a dispute arose among George, Susan, and the seven grandchildren over whether the deed transferring the real property to the LLC prior to its legal formation was valid. George, in his capacity as executor of the decedent's estate, thereafter filed a petition asking the Surrogate's Court to make a legal determination as to the validity of the deed and its transfer. Based upon the undisputed facts set forth in the petition, the Surrogate's Court concluded that the deed was valid because the LLC was a de facto entity on the date the conveyance was made. We disagree.

As a general rule, a purported entity which is not yet in legal existence cannot take title to real property (see *Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 389 [1958]; see also *Stone v Jetmar Props., LLC*, 733 NW2d 480 [Minn 2007]; *Belcher Ctr. LLC v Belcher Ctr., Inc.*, 883 So 2d 338 [Fla 2004]; *Julian v Petersen*, 966 P2d 878 [Utah 1998], *cert denied* 982 P2d 88 [Utah 1999]; *Roeckl v F.D.I.C.*, 885 P2d 1067 [Alaska 1994]). However, New York has recognized that an unincorporated entity can take title or acquire rights by contract if it is a de facto corpora-

tion (*see Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378 [1958]; *Matter of Planz [Sees]*, 282 App Div 552 [1953]; *Rockaway Improvement, LLC v Danco Transmission Corp.*, 9 Misc 3d 210 [2005]; *Bankers Trust Co. of W. N.Y. v Zecher*, 103 Misc 2d 777 [1980]), and we agree with the Surrogate's finding that the de facto corporation doctrine is equally applicable to limited liability companies. However, to establish that an entity is a de facto corporation or limited liability company, there must be a showing that a colorable attempt was made to comply with the statutes governing incorporation or organization prior to the purported acceptance of the deed (*see Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 388 [1958]; *see also Stevens v Episcopal Church History Co.*, 140 App Div 570 [1910]; *Stone v Jetmar Props., LLC*, 733 NW2d 480 [Minn 2007]). Here, while it is undisputed that George executed the LLC's articles of organization on October 4, 2001, there is no evidence that an attempt to file the articles of organization was made prior to the execution of the deed on November 2, 2001. In the absence of a colorable attempt to comply with the statute governing the organization of limited liability companies by filing, we cannot find that the LLC was a de facto entity capable of taking title on the date the deed was executed (*see Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 388 [1958]; *see also Clinton Invs. Co., II v Watkins*, 146 AD2d 861 [1989]; *Stevens v Episcopal Church History Co.*, 140 App Div 570 [1910]; *Conway v Samet*, 59 Misc 2d 666 [1969]; *Stone v Jetmar Props., LLC*, 733 NW2d 480 [Minn 2007]). Accordingly, the decedent's purported conveyance of the real property was void (*see Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378 [1958]). Mastro, J.P., Santucci, Eng and Belen, JJ., concur.