[921 NE2d 191, 893 NYS2d 499]

In the Matter of the Estate of LENA HAUSMAN, Deceased. GEORGE HAUSMAN, as Executor of LENA HAUSMAN, Deceased, Appellant; FREDDA SIMON et al., Respondents.

Argued October 20, 2009; decided December 1, 2009

## POINTS OF COUNSEL

*Norman A. Olch,* New York City, and *Wolfson & Carroll* (*Michael G. Wolfson* of counsel), for appellant. The deed to the limited liability company (LLC) was valid because (1) on the date of the deed the LLC was a de facto business entity, and (2) the heirs of the grantor are estopped from collaterally attacking the validity of the deed. (*Lancaster v Amsterdam Improvement Co.,* 140 NY 576; *Methodist Episcopal Union Church v Pickett,* 19 NY 482; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Jarl Co. v Village of Croton-on-Hudson,* 258 NY 303; *Bankers Trust Co. of W. N.Y. v Zecher,* 103 Misc 2d 777; *Smith v Sheeley,* 79 US 358; *Matter of Planz [Sees],* 282 App Div 552; *Stevens v Episcopal Church History Co.,* 140 App Div 570; *Emery v De Peyster,* 77 App Div 65; *Card v Moore,* 68 App Div 327.)

*Ezra Huber & Associates, P.C.,* Mineola (*Ezra Huber* of counsel), for respondents. I. Under the facts of this case, appellant cannot claim that the limited liability company (LLC) existed as a de facto entity prior to its filing with the New York Secretary of State because the members of the LLC *themselves* chose the date that the LLC came into legal being—this date being *after* the date of the real property conveyance. (*Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378.) II. The Court of Appeals has held that the grantee of real property must exist at the time of conveyance. No grantee capable of taking title existed on the date of this conveyance. (*Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *David v Williamsburgh City Fire Ins. Co.,* 83 NY 265; *Matter of Planz [Sees],* 282 App Div 552; *183 Holding Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 386; *442 Decatur St., LLC v Spheres Realty, Inc.,* 14 AD3d 535.) III. The

Appellate Division committed no error and enunciated no new rules; it merely applied existing law to the facts of this case. (*Methodist Episcopal Union Church v Pickett,* 19 NY 482; *Matter of Planz [Sees],* 282 App Div 552; *Stevens v Episcopal Church History Co.,* 140 App Div 570; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Card v Moore,* 68 App Div 327, 173 NY 598; *183 Holding Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 386; *442 Decatur St., LLC v Spheres Realty, Inc.,* 14 AD3d 535; *Emery v De Peyster,* 77 App Div 65; *Bankers Trust Co. of W. N.Y. v Zecher,* 103 Misc 2d 777; *Rockaway Improvement, LLC v Danco Transmission Corp.,* 9 Misc 3d 210.) IV. The corporation-by-estoppel defense may not be raised at this point in the case. The issue was raised for the first time in appellant's motion for reargument to the Appellate Division; in any event, the parties agreed to have the matter determined on the basis of a specific set of facts and as a matter of law; any estoppel issue raised at this time would require consideration of matters not in the record. (*Boslow Family Ltd. Partnership v Glickenhaus & Co.,* 7 NY3d 664; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *Matter of Schwartz v Cuomo,* 111 AD2d 759; *Matter of Smith,* 91 AD2d 789; *Matter of Pessano,* 269 App Div 337, 296 NY 564; *Szigyarto v Szigyarto,* 64 NY2d 275; *Pink v Isle Theat. Corp.,* 271 NY 390; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Marden v Dorthy,* 160 NY 39; *Stevens v Episcopal Church History Co.,* 140 App Div 570.)

### OPINION OF THE COURT

CIPARICK, J.

In this probate proceeding, we are asked to decide whether decedent's children formed a de facto limited liability company (LLC) capable of receiving title to real property that was the subject of a deed executed by decedent shortly before her death. Because no "colorable attempt" was made to file the articles of organization with the Department of State prior to the date of the alleged transfer, we conclude that there was no de facto entity in existence capable of receiving title to the property and the conveyance is thus void.

The facts are mainly undisputed. On October 16, 2000, decedent Lena Hausman's will was executed. She divided her residuary estate into four equal shares: 25% to her son, George (the executor of her estate); 25% to her daughter, Susan; 25% to the children of her predeceased son, Gerald; and 25% to the children of her predeceased son, Gilbert. Decedent's will empowered her executor, George, to create an LLC and to

transfer ownership of her real estate located at 1373 56th Street, in Brooklyn, which generated rental income, to the LLC for the benefit of her heirs. In the event that the LLC was formed and her real property conveyed to it, the will required that the executor "distribute the membership interests in accordance with the directions set forth above" and "[a]ny beneficiary . . . who refuse[d] to cooperate in the establishment of the LLC" would be entitled to the share of the distribution in a special payment.

On October 4, 2001, George and Susan alone executed articles of organization to own, operate and manage the LLC. They also drafted an operating agreement, providing that they would be the sole members of the company and that it would come into existence upon the filing of the articles of organization with the New York Department of State. This would have the effect of depriving the other heirs, decedent's grandchildren, from receiving any benefit from the rental property. Significantly, the articles of organization were not filed with the Department of State until November 16, 2001. On November 2, 2001—two weeks prior to the filing of the articles of organization—decedent, then 90 years old and residing in a nursing home, executed a deed transferring ownership of the property to the LLC. The deed was recorded on December 3, 2001.

Upon decedent's death in June 2002, her will was admitted to probate. A dispute arose over whether decedent's grandchildren had rights to the real property. They argued that the property was not conveyed to a valid LLC, and that it should be part of the estate subject to their distributive interests, as stated in the will. The executor maintained that the conveyance of the property to the LLC was valid and does not constitute part of the estate. He filed the instant petition to ascertain the validity of the conveyance of the property to the LLC. Surrogate's Court granted the petition, concluding that the LLC operated as a valid de facto company prior to the filing of the articles of organization. The court additionally applied the doctrine of estoppel, concluding that "decedent adopted the corporation . . . by express ratification and acceptance of the benefits referable to it."*

The Appellate Division reversed the order, denied the petition and deemed the deed invalid. Relying on *Kiamesha Dev. Corp. v Guild Props.* (4 NY2d 378, 388 [1958]), it concluded that the

---

* The deed recites that decedent received $10 and other valuable consideration for the transfer of the property to the LLC.

executor failed to make a "colorable attempt to comply with the statute governing the organization of limited liability companies" because he made no effort to file the articles of organization with the State prior to the execution of the deed, and as no entity existed capable of taking title to the property, this conveyance was void (51 AD3d 922, 924 [2008]). We granted leave to appeal (11 NY3d 716 [2009]) and now affirm.

Limited Liability Company Law § 203 provides three specific requirements to form an LLC: (1) preparation of the articles of organization; (2) execution of the articles of organization; and (3) the filing of the articles of organization with the State. Limited Liability Company Law § 209 requires that the articles of organization be delivered to the Department of State and a filing fee be paid. Here, no attempt to file articles of organization was made before the conveyance of the property. The executor seeks application of the de facto doctrine and a determination that the transfer of the property to the LLC was valid. The parties do not dispute, and both courts below concluded, that the de facto corporation doctrine is applicable to limited liability companies. We agree. The statutory schemes of the Business Corporation Law and the Limited Liability Company Law are very similar, and we see no principled reason why the de facto corporation doctrine should not apply to both corporations and limited liability companies.

Under very limited circumstances, courts may invoke the de facto corporation doctrine where there exists (1) a law under which the corporation might be organized, (2) an attempt to organize the corporation and (3) an exercise of corporate powers thereafter (*see Methodist Episcopal Union Church v Pickett*, 19 NY 482, 485 [1859]; *Von Lengerke v City of New York*, 150 App Div 98, 102 [1st Dept 1912], *affd* 211 NY 558 [1914]). There is no question that the first prong has been satisfied, as the Limited Liability Company Law provides for the method of incorporation. With respect to the second prong, however, the formation of a de facto company requires a "colorable attempt to comply with the statutes governing incorporation" prior to the exercise of corporate powers, including the filing requirement (*Kiamesha*, 4 NY2d at 388). "[W]here there has been an attempt in good faith to comply with the requirements of the law with respect to filing a certificate of incorporation and a certificate has been filed . . . and there has been use of the corporate name, the corporation will be deemed a corporation *de facto*" (*Stevens v Episcopal Church History Co.*, 140 App Div

570, 578-579 [1910]). However, "the mere execution of a paper which is not filed and does not become a public record is insufficient" (*id.* at 579).

The executor seeks support in *Matter of Planz (Sees)* (282 App Div 552 [3d Dept 1953]) for his argument that a de facto entity may exist even where it has failed to make an attempt to file statutorily required organizational papers with the State. There, a purported corporation executed its certificate of incorporation, and then waited a month to file the certificate with the Secretary of State. During this gap, as here, there was a conveyance of property to the corporation. The Appellate Division held that the entity was a de facto corporation during this period. Given our subsequent holding in *Kiamesha*, mandating a good faith effort to comply with mandatory state filing requirements, however, *Planz* is not a correct application of the de facto corporation doctrine.

Here, it is undisputed that there was no bona fide attempt to comply with the ministerial, yet essential, requirement of filing the articles of organization prior to the attempted conveyance. Although challenged by defendant and the dissenting opinion, merely executing articles of organization along with an operating agreement and nothing more is insufficient to meet the long-standing requirements of a de facto entity. Because an entity that is neither de facto nor de jure cannot take title to real property (*see Kiamesha*, 4 NY2d at 388-389), there was no entity in existence capable of receiving title to the real property and the purported conveyance is therefore void.

Moreover, there is no ground for the estoppel claim because there is no evidence that decedent acted inequitably or took unfair advantage of George or Susan. Indeed, there is no evidence that decedent received any meaningful benefit from that transaction.

Accordingly, the Appellate Division's order should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.

PIGOTT, J. (dissenting). Because the majority, in my view, takes the holding in *Kiamesha Dev. Corp. v Guild Props.* (4 NY2d 378 [1958]) too far—to the point of practically eliminating the legal concept of a de facto corporation—I respectfully dissent.

It is conceded that at the time the property was conveyed

from the decedent to the LLC, the articles of organization for the LLC had not yet been filed. But the sequence of events preceding the filing is important. The articles of organization and operating agreement for the LLC were executed on October 4, 2001. The decedent conveyed the property to the LLC on November 2. The articles of organization were filed on November 16 and the deed was filed on December 3, 2001. The delay in filing is about the only misstep, if a misstep at all, in an otherwise fairly normal series of events in the creation of the LLC. Five years later, only after counsel for disinherited legatees in litigation in Surrogate's Court discovered that the filing of the articles of organization followed the execution of the deed, rather than vice versa, did the timing of the filing come into question.

It has long been held that courts may invoke the de facto corporation doctrine where there exists: (1) a law under which the corporation might be organized, (2) an attempt to organize the corporation and (3) an exercise of corporate powers thereafter (*see Methodist Episcopal Union Church v Pickett*, 19 NY 482, 485 [1859]; *Von Lengerke v City of New York*, 150 App Div 98 [1st Dept 1912], *affd* 211 NY 558 [1914]). All of these requirements were met here. The majority focuses on the "colorable attempt to comply with the statutory requirement" language found in *Kiamesha Dev. Corp. v Guild Props.* (4 NY2d 378 [1958]) to state definitively that there can be no de facto corporation here because there was no "colorable attempt." In my view, that case, interesting in its facts, should be limited to them.

In New York, it is clear that if there is no attempt to formally organize, there will be no de facto corporation. Here, however, the organization of the LLC was complete. The record shows that the incorporators prepared and executed the articles of organization as required under Limited Liability Company Law § 203. They also executed and adopted the required operating agreement for the LLC pursuant to Limited Liability Company Law § 417 (a). Those documents reveal that the LLC was organized "solely to own, operate or manage real property and to do any and all things necessary, convenient, or incidental to that purpose." Pursuant to that purpose, the LLC took title as grantee to the real property in the name of the LLC. And it was the decedent as grantor who executed the deed naming the LLC the grantee. Two weeks after the deed was executed—a reasonable period—the articles of organization were filed with the

Secretary of State. The related ancillary papers, including a New York City real property transfer tax return as well as city and state transfer tax returns, which named the LLC as grantee, were executed and filed as required.

Under the circumstances of this case, I would find that the incorporators acted with sufficient alacrity to comply with the statutes, and would therefore find the conveyance to the de facto entity that existed at that time valid.

Therefore, I would reverse the order of the Appellate Division.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and JONES concur with Judge CIPARICK; Judge PIGOTT dissents and votes to reverse in a separate opinion.

Order affirmed, etc.