■ Lehlev Betar, LLC, Respondent, v Soto Development Group, Inc., et al., Appellants, et al., Defendants. [15 NYS3d 168]—

In an action, inter alia, pursuant to RPAPL 1501 to quiet title to real property and for declaratory relief, the defendants Soto Development Group, Inc., and Hampton Partners, LLC, appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated July 7, 2014, which denied their motion pursuant to CPLR 3211 (a) to dismiss the first cause of action insofar as asserted against them and to cancel the notice of pendency filed against the subject property.

Ordered that the order is affirmed, with costs.

The plaintiff, a limited liability company, commenced this action against, among others, Soto Development Group, Inc., and

Hampton Partners, LLC (hereinafter together Soto and Hampton), seeking, inter alia, to quiet title to certain real property and for a judgment declaring that it is the fee simple owner of the property. Soto and Hampton moved pursuant to CPLR 3211 (a) to dismiss the first cause of action, which sought a declaration that the plaintiff is the fee simple owner of the subject property, insofar as asserted against them, and to cancel the notice of pendency filed against the subject property. The Supreme Court denied the motion, and we affirm.

A motion to dismiss pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

As a general rule, a purported entity which is not yet in legal existence cannot take title to real property (*see Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 389 [1958]). However, New York has recognized that an unincorporated entity can take title or acquire rights by contract if it is a de facto corporation (*see id.* at 388-389). "Under very limited circumstances, courts may invoke the de facto corporation doctrine where there exists (1) a law under which the corporation might be organized, (2) an attempt to organize the corporation and (3) an exercise of corporate powers thereafter" (*Matter of Hausman*, 13 NY3d 408, 412 [2009]). The de facto corporation doctrine is equally applicable to LLCs (*see id.* at 412). "Limited Liability Company Law § 203 provides three specific requirements to form an LLC: (1) preparation of the articles of organization; (2) execution of the articles of organization; and (3) the filing of the articles of organization with the State" (*id.*).

Here, the documentary evidence submitted by Soto and Hampton in support of their motion demonstrated that the plaintiff's articles of organization had not been filed with the New York State Department of State prior to the conveyance to the plaintiff of the subject property. However, in opposition to the motion, the plaintiff submitted the affidavit of its sole member, which demonstrated the applicability of the de facto corporation doctrine (*see generally Harris v Barbera*, 96 AD3d 904, 905 [2012]; *McCue v County of Westchester*, 18 AD3d 830, 831 [2005]). Specifically, the affidavit of the plaintiff's sole member demonstrated that there was a law under which the LLC might be organized (*see* Limited Liability Law §§ 203, 209), that the plaintiff made a "colorable attempt" to comply with the statutes governing the formation of an LLC, including the filing requirement, and that the plaintiff exercised its pow-

ers as an LLC thereafter (*Matter of Hausman*, 13 NY3d 408, 410 [2009]; *cf. Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378 [1958]). Under these circumstances, the documentary evidence submitted by Soto and Hampton failed to utterly refute the factual allegations of the first cause of action, and failed to establish their entitlement to cancellation of the notice of pendency.

The plaintiff's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.