OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner, Yousef Habibian doing business as Frontpage Investments, has commenced this holdover commercial summary proceeding against respondents Sudmann’s Service & Diagnostics, and H.J. Sudmann & Sons, Inc. The petition, dated May 9, 2017, alleges that petitioner Yousef Habibian is the owner of the property located at 1205 W. Broadway, Hewlett, New York.
The petition also states that respondents, Sudmann’s Service & Diagnostics, and H.J. Sudmann & Sons, Inc., are occupants of the premises and continue in possession.
The petition states that respondents’ rights of possession were terminated as follows:
“The Respondents’ rights of possession thereof were terminated on APRIL 24, 2017 by the Premises having been sold as a consequence of unpaid taxes, and a tax deed having been executed by Beaumont A. Jefferson, as Treasurer of the County of Nassau State of New York, and a valid deed, a copy of which is annexed hereto at [sic] Exhibit A’, having been delivered to Petitioner. The time of redemption by the former owner or occupant has expired. This action is brought pursuant to Real Property Actions and Proceedings Law, Section § 713(4).”
The deed, dated April 24, 2017, states that Beaumont A. Jefferson, as Treasurer of the County of Nassau, conveyed the said premises to Frontpage Investments.
Respondents now move for an order dismissing the notice of petition and petition pursuant to CPLR 3211 (a) (3), on the grounds that petitioner lacks the capacity to bring this proceeding. Respondents state that the petition indicates that Yousef Habibian, a “Natural Person,” owns the said premises. Respondents further note that the tax deed states that Frontpage Investments is the title holder of the premises. Respondents argue, in their attorney’s affirmation, that Mr. Habibian is not *772 the owner of the said premises and lacks capacity to bring this summary proceeding:
“As the caption contained in the notice of petition and petition quite conclusively shows, the petitioner in this matter is YOUSEF HABIBIAN. Paragraph 1 of the petition describes Mr. Habibian as the owner of 1205 West Broadway, Hewlett, New York. Paragraph 2 describes Mr. Habibian as a ‘NATURAL PERSON.’ However, the deed, a tax deed, attached at both Exhibits A and B of the petition show the alleged title holder of the subject property is not Mr. Habibian, but FRONTPAGE INVESTMENTS. In other words, the contents of the petitions, including its exhibits, very clearly demonstrate that Mr. Habibian, the sole petitioner in this eviction proceeding, is NOT the owner of the property from which he seeks to evict the occupants. Mr. Habibian lacks the standing or capacity to bring this proceeding. It therefore must be dismissed.”
Respondents further contend that dismissal is warranted because Frontpage Investments is not incorporated, based upon a search of the records of the New York State Secretary of State:
“However, there is another basis for dismissing this petition on the basis of lack of capacity. As the notice of petition and petition make clear in various places, Frontpage Investments is a ‘d/b/a,’ only a name by which Mr. Habibian does business. I personally searched the records of the New York State Secretary of State and found that there is no corporate entity known as Frontpage Investments, although there is a corporation by the name of Frontpage Realty, LLC. It is elementary that an entity which has not been incorporated may not take title to real property, and a deed attempting to give title to a non-corporate entity is void. Kiamesha Dev. Corp. v. Guild Props., 4 N.Y.2d 378, 389, 175 N.Y.S.2d 63, 151 N.E.2d 214 (1958); In re Hausman, 51 A.D. 3d 922, 923, 858 N.Y.S.2d 330, 332 (2d Dept. 2008) aff'd, 13 N.Y.3d 408, 921 N.E.2d 191 (2009); 19 Steven Lane Corporation v. Kovar, 950 N.Y.S.2d 609 (D.Ct. Nassau 2012) (Fairgrieve, J.). Because Frontpage Investments has never been incorporated, any deed purporting to transfer title *773 to real property to it is void. As a result, neither Frontpage Investments nor Mr. Habibian were owners of the subject property, and thus cannot maintain this proceeding.”
In opposition, petitioner argues that “Petitioner can hold title to property in the d/b/a name only.” Petitioner attaches as exhibit A the business certificate, dated January 22, 2013, demonstrating that Yousef K. Habibian is conducting or transacting business in Nassau County under the name or designation of Frontpage Investments. The cover page from the Nassau County Clerk’s office states that the business certificate was recorded on January 22, 2013 at 2:55:45 p.m.
Based upon the foregoing, petitioner argues that this summary proceeding may proceed. Petitioner posits that compliance with General Business Law § 130 allows this proceeding to be maintained and extrinsic evidence may be introduced, if necessary, to determine the identity of the grantee. Petitioner argues that the evidence clearly shows that Yousef Habibian is doing business as Frontpage Investments.
In reply, respondents counter that there is no basis under General Business Law § 130 (9) which allows ownership of real property in the name of a “d/b/a,” which, in this case, means that Frontpage Investments has no capacity to own real estate. Respondents argue simply that Frontpage Investments has no capacity to assume title, and that the deed transferring title to Frontpage Investments is null and void.
Decision
Issue—Should the summary proceeding at bar be dismissed because title is held in the name of the d/b/a Frontpage Investments?
Respondents cite cases for the proposition that transfer of ownership to a nonexistent entity is void. (Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378 [1958]; Matter of Hausman, 13 NY3d 408 [2009]; Laxmi Diamond PVT Ltd. v Doppelt & Greenwald Diamonds, 2008 NY Slip Op 31180[U] [Sup Ct, NY County 2008].)
In Kiamesha Dev. Corp. v Guild Props. (4 NY2d 378 [1958]), the tax deed was declared void because Guild Properties, Inc., was not in existence at the time of the transfer.
In Liotta v L & L Assoc. Holding Corp. (23 Misc 3d 1124[A], 2009 NY Slip Op 50907 [U] [2009]), plaintiff moved for a preliminary injunction and the appointment of a temporary *774 receiver to collect rent, income and profit from the subject premises. Plaintiff moved to set aside the tax deed because the defendant “L & L (2/06) Associates” was a nonexistent entity at the time L & L purchased the tax lien. The facts demonstrated that the defendant L & L Associates Holding Corp. failed to comply with Business Corporation Law § 202 (b) and General Business Law § 130 at the time that it took title to the property under the assumed name of “L & L (2/06) Associates.” In other words, defendant failed to file the certificate to operate under the assumed name with both the New York Secretary of State and Nassau County prior to the time that it took title to the property from the tax sale. The court noted that an owner in a tax sale situation cannot be deprived of ownership to the property unless there is strict compliance with applicable law by the person or entity acquiring title.
In 79 NY Jur 2d, Names § 52, a person may engage in business under any assumed name provided there is compliance with filing requirements of General Business Law § 130:
“In the absence of any statute to the contrary, an individual ordinarily may engage in business under whatever name he or she desires, either real, assumed, or fictitious, provided the purpose is not accompanied by the design or intent to defraud or injure others. However, New York law requires that a person or entity doing business under an assumed name comply with the requirements of the General Business Law, which requires the filing of certificates by persons conducting business under an assumed name or as partners.”
Section 35 of 43 NY Jur 2d, Deeds states that a grantee may take title under an assumed name and extrinsic evidence may be used to clarify the identity of the true grantee.
“To be operative as a conveyance, a deed must in some manner designate as grantee an existing person who is capable of taking title to the land. However, so long as a person has been named in the body of the deed, with words indicating that it was intended that he or she should be the grantee, the deed will be effective, although the name does not appear in the granting clause, but only in the habendum. If the identity of the grantee named in a deed is known, the name by which he or she has been called is of no consequence. Thus, it is immaterial that a deed to a husband and wife names the *775 wife by her maiden name.
“Extrinsic evidence as to the circumstances surrounding the execution of the deed may be considered in determining the identity of the grantee. Thus, a grantee may take title in an assumed name, and, where there is a dispute as to the person intended to be named as grantee, evidence is admissible to establish the identity of the true grantee.” (Id.)
In 23 Am Jur 2d, Deeds § 29, the treatise contends that the rule that a conveyance is void due to nonexistence does not apply where the living person takes title under an assumed name:
“The rule that a deed which names as grantee a nonexistent person is void applies only when the named grantee does not in fact exist and not to the situation where a person in existence is described by a fictitious or assumed name. If a living or legal person is identifiable as the grantee named in the deed, the deed is valid.”
See also 23 Am Jur 2d, Deeds § 21, stating: “A deed to a fictitious grantee, or which names as grantee a person who has no existence, is inoperative and void. However, a deed to an existing person as grantee who is described by a fictitious or assumed name is valid.”
In TicketNetwork, Inc. v Darbouze (133 F Supp 3d 442, 450-451 [D Conn 2015]), the court makes it clear that a trade name has no separate legal existence from the person doing business under that name:
“TicketNetwork argues that Mr. Darbouze is personally liable on the contract he signed, because the principal he disclosed in the contract, Charged.fm, was not a legal entity that shielded him from personal liability. Opp. Br. 5-6, ECF No. 24. The Court disagrees. Charged.fm was registered as an assumed name of Plot Commerce in New York, under General Business Law section 130, before the contract was signed, which Mr. Darbouze has shown by attaching copies of the registration to his Motion to Dismiss. Mot. to Dismiss Br., Ward Deck, Exs. C-D, ECF No. 20-1. New York General Business Law section 130 prohibits corporations from doing business in New York under an assumed name, unless that name is registered with the secretary of state. N.Y. General Business Law *776 § 130(l)(b).
“Use of a so-called ‘trade name’ does not create a separate legal entity. See Simpson v. D&L Tractor Trailer Sch., No. CV054008081S, 2007 WL 4733078, at *1-2 (Conn.Super.Ct. Dec. 19, 2007) (citing Bauer v. Pounds, 61 Conn.App. 29, 762 A.2d 499, 503 (Conn.App.Ct.2000)); Pacheco v. Joseph McMahon Corp., 698 F.Supp.2d 291, 295 (D.Conn.2010) (‘[T]he trade name of a legal entity does not have a separate legal existence.’) (citing America’s Wholesale Lender v. Pagano, 87 Conn.App. 474, 477, 866 A.2d 698 (Conn.App.Ct.2005)); Trustees of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Prog. Fund v. Faulkner, 484 F.Supp.2d 254, 257 (S.D.N.Y.2007) (‘ “Doing business under another name does not create an entity [distinct] from the person operating the business.” ’) (citation omitted) (alteration in original). Instead, the trade name user is the same entity as its owner. See id.
“As a matter of law, because Charged.fm is registered as an alias of Plot Commerce, Charged.fm is Plot Commerce. See Simpson, 2007 WL 4733078, at *2 (‘[W]hile a trade name does not create a separate legal entity, the entity doing business under the trade name, whether corporation or individual, remains liable for all of its obligations... the owners of the trade name and the trade name entities [are] one and the same.’); Pacheco, 698 F.Supp.2d at 295 (‘ “A fictitious or assumed business name, a trade name, is not a legal entity; rather it is merely a description of the person or corporation doing business under that name.” ’) (quoting America’s Wholesale Lender, 87 Conn.App. at 477, 866 A.2d 698).”
Based upon the above, this court concludes that the tax deed in the name of Frontpage Investments is valid and not void. The evidence demonstrates that Yousef Habibian registered the name of Frontpage Investments with Nassau County prior to assuming title to the said premises, as required by General Business Law § 130.
Yousef Habibian has the right to operate under the assumed name of Frontpage Investments and to take title to property in that name. There is no separate legal existence between Yousef Habibian and Frontpage Investments. Thus, petitioner may *777 bring this summary proceeding. Any doubt about the grantee of the tax deed can be explained by extrinsic evidence.
The case of Liotta is distinguishable because, in that case, the defendant L & L Associates Holding Corp. had failed to register its trade or assumed name as required by statute before assuming title in the trade or assumed name via tax deed. In the case at bar, the trade or assumed name was registered with Nassau County as required by General Business Law § 130 prior to the time that Frontpage Investments took title.
Conclusion
The motion to dismiss is denied, in its entirety.