Torto Note Member, LLC v Babad (2021 NY Slip Op 01438)





Torto Note Member, LLC v Babad


2021 NY Slip Op 01438


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-04618 
2018-06970
 (Index No. 518494/17)

[*1]Torto Note Member, LLC, respondent,
v
Chaim Babad, et al., appellants.


Lonuzzi & Woodland, LLP, Brooklyn, NY (John Lonuzzi of counsel), for appellants Chaim Babad and Chaim Miller.
Stahl & Zelmanovitz, New York, NY (Joseph Zelmanovitz and Abraham Neuhaus of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants Chaim Babad and Chaim Miller appeal, and the defendant Shimon Sprei separately appeals, from (1) a judgment of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 6, 2018, and (2) an order of the same court dated May 23, 2018. The judgment, upon an order of the same court dated February 21, 2018, granting the plaintiff's motion for summary judgment in lieu of complaint, is in favor of the plaintiff and against the defendants in the principal sum of $1,400,000. The order dated May 23, 2018, insofar as appealed from, upon reargument, adhered to the original determination in the order dated February 21, 2018, granting the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the appeals by the defendant Shimon Sprei are dismissed as abandoned; and it is further,
ORDERED that the judgment is affirmed on the appeal by the defendants Chaim Babad and Chaim Miller; and it is further,
ORDERED that the order dated May 23, 2018, is affirmed insofar as appealed from by the defendants Chaim Babad and Chaim Miller; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendants executed a promissory note dated May 1, 2016, in the sum of $1,400,000. When the defendants defaulted on the promissory note, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the note. In an order dated February 21, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for summary judgment in lieu of complaint. Thereafter, in a judgment dated March 6, 2018, the court awarded the plaintiff the principal sum of $1,400,000.
The defendants moved for leave to reargue their opposition to the plaintiff's motion. [*2]In an order dated May 23, 2018, the Supreme Court granted reargument, and, upon reargument, adhered to the original determination in the order dated February 21, 2018. The defendants Chaim Babad and Chaim Miller (hereinafter together the appellants) appeal from the judgment and from the order dated May 23, 2018.
Under CPLR 3213, a plaintiff establishes its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it "show[s] the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Lugli v Johnston, 78 AD3d 1133, 1135; see Porat v Rybina, 177 AD3d 632, 632). Once a plaintiff has established its prima facie entitlement to judgment as a matter of law, "the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789; see Porat v Rybina, 177 AD3d at 632).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law through the promissory note that was executed by the appellants, which contained an unconditional obligation to pay, and a sworn affidavit which averred that the appellants had failed to pay in accordance with the note's terms (see Porat v Rybina, 177 AD3d at 633; Lugli v Johnston, 78 AD3d at 1135).
In opposition to the plaintiff's prima facie showing, the appellants failed to raise a triable issue of fact as to the applicability of the defense of criminal usury (see generally Penal Law § 190.40). "[T]he defense of usury does not apply where . . . the terms of the . . . note impose a rate of interest in excess of the statutory maximum only after default or maturity" (Miller Planning Corp. v Wells, 253 AD2d 859, 860; see Kraus v Mendelsohn, 97 AD3d 641; Rebeil Consulting Corp. v Kappa Realty Corp., 244 AD2d 540, 540).
The appellants also failed to raise a triable issue of fact as to whether the assignment of the note to the plaintiff was a nullity on the ground that the plaintiff, a limited liability company, was not yet formed or in existence on the date of the assignment. New York has recognized that an unincorporated entity can take title or acquire rights by contract if it is a de facto corporation (see Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d 513, 514). "Under very limited circumstances, courts may invoke the de facto corporation doctrine where there exists (1) a law under which the corporation might be organized, (2) an attempt to organize the corporation and (3) an exercise of corporate powers thereafter" (Matter of Hausman, 13 NY3d 408, 412; see Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d at 514). The de facto corporation doctrine is equally applicable to LLCs (see Matter of Hausman, 13 NY3d 408, 412; Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d at 514). Here, the plaintiff submitted affidavits that demonstrated the applicability of the de facto corporation doctrine (see Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d at 514). Specifically, the plaintiff demonstrated that there was a law under which the LLC might be organized (see Limited Liability Company Law §§ 203, 209), that the plaintiff made a "colorable attempt" to comply with the statutes governing the formation of an LLC, including the filing requirement, and that the plaintiff exercised its powers as an LLC thereafter (see Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d at 514-515).
Finally, the defense that there was no lawful consideration exchanged for the note was improperly raised for the first time in the appellants' motion for leave to reargue their opposition to the plaintiff's motion for summary judgment in lieu of complaint (see CPLR 2221[d][2]; Ballan v Sirota, 163 AD3d 516, 517-518).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court