H & R Realty of N.Y., LLC v Spirited Dragon Real Estate Dev., LLC (2025 NY Slip Op 03049)

H & R Realty of N.Y., LLC v Spirited Dragon Real Estate Dev., LLC

2025 NY Slip Op 03049

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-11114
 (Index No. 723544/20)

[*1]H & R Realty of New York, LLC, appellant,
v
Spirited Dragon Real Estate Development, LLC, respondent, et al., defendants.

Zafar A. Siddiqi, New York, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered July 19, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the tenth affirmative defense of the defendant Spirited Dragon Real Estate Development, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the tenth affirmative defense of the defendant Spirited Dragon Real Estate Development, LLC, are granted.
The defendant Spirited Dragon Real Estate Development, LLC (hereinafter Spirited Dragon), executed a note in the amount of $1,786,739.72, secured by a mortgage on certain commercial property located in Flushing. On or about December 5, 2020, the plaintiff commenced this action to foreclose the mortgage.
Spirited Dragon answered in November 2021, asserting various affirmative defenses, including its tenth affirmative defense, alleging usury. In March 2022, the plaintiff moved, inter alia, for summary judgment on the complaint and to strike Spirited Dragon's affirmative defenses. By order entered July 19, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike Spirited Dragon's tenth affirmative defense, alleging usury. The plaintiff appeals.
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Bank of N.Y. Mellon v Swift, 213 AD3d 624, 625; see Bank of Am., N.A. v Castillo, 227 AD3d 760, 762). In addition, "CPLR 3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" (Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542, 545 [internal quotation marks omitted]; see Stone v Continental Ins. Co., 234 AD2d 282, 284).
Here, the plaintiff submitted the note, the mortgage, and a sworn affidavit, in which [*2]the plaintiff's managing member averred that Spirited Dragon had failed to repay the loan in accordance with the note's terms. The plaintiff also established, prima facie, that the loan was not criminally usurious (see Torto Note Member, LLC v Babad, 192 AD3d 843, 845; Miller Planning Corp. v Wells, 253 AD2d 859, 860).
In opposition, Spirited Dragon failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike Spirited Dragon's tenth affirmative defense, alleging usury.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court