JPMorgan Chase Bank, N.A. v Katz (2026 NY Slip Op 00359)

JPMorgan Chase Bank, N.A. v Katz

2026 NY Slip Op 00359

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-10137
 (Index No. 689/16)

[*1]JPMorgan Chase Bank, N.A., appellant,
vAharon Katz, et al., respondents, et al., defendants.

Cuddy & Feder LLP, White Plains, NY (Troy D. Lipp of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 13, 2022. The order, insofar as appealed from, upon reargument, (1) vacated so much of an order of the same court dated June 30, 2021, as granted that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the defendant Isaac Gross, LLC, in the subject property is null and void, and thereupon, denied that branch of the plaintiff's prior motion, and, (2) in effect, adhered to so much of the order dated June 30, 2021, as denied that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that the defendant Aharon Katz is the sole owner of the property and that a mortgage given by that defendant is a valid mortgage lien against the entire property.
ORDERED that the order dated September 13, 2022, is modified, on the law, by deleting the provision thereof, upon reargument, vacating so much of the order dated June 30, 2021, as granted that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the defendant Isaac Gross, LLC, in the subject property is null and void, and thereupon, denying that branch of the plaintiff's prior motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order dated June 30, 2021, granting that branch of the plaintiff's prior motion; as so modified, the order dated September 13, 2022, is affirmed insofar as appealed from, without costs or disbursements.
On January 20, 2016, the plaintiff commenced the instant action against the defendants Aharon Katz and Isaac Gross, LLC (hereinafter the LLC and together with Katz, the defendants), among others. The amended complaint alleged that Yosef Gold purported to convey the subject property to the defendants by deed dated June 26, 2008. The amended complaint sought a "a judgment declaring that the Plaintiff has a valid security interest in the Property, including the interest of Isaac Gross, LLC, by virtue of the Mortgage given by defendant Aharon Katz dated September 5, 2008, in the principal amount of $650,000.00." The amended complaint further sought a judgment declaring "that fee title to the Property is owned solely by Defendant Aharon Katz" and "expunging and declaring null and void any claimed right, title or interest of the LLC in the Property." The defendants interposed an answer dated January 19, 2018.
In June 2020, the plaintiff moved for summary judgment on the fourth cause of [*2]action, for a judgment declaring that Katz is the sole owner of the property, declaring that any interest of the LLC in the property is null and void, declaring that the mortgage given by Katz is a valid mortgage lien against the entire property, and authorizing the City Register of the City of New York to record and index against the property a judgment for the relief sought.
In support of its motion, the plaintiff submitted the deed, dated June 26, 2008, in which Gold purported to convey the property to the defendants. Katz's name was printed on the deed; the LLC's name was handwritten. The deed was recorded on January 29, 2009. The plaintiff further submitted the LLC's articles of organization, which were filed with the New York State Department of State on July 24, 2008—approximately one month after the execution of the deed.
In opposition to the plaintiff's motion, the defendants argued that the complaint was time-barred.
In an order dated June 30, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the LLC in the property is null and void and denied that branch of the motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that Katz is the sole owner of the property and that the mortgage given by Katz is a valid mortgage lien against the entire property.
In August 2021, the plaintiff moved for leave to reargue that branch of its prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that Katz is the sole owner of the property and, in effect, that branch of its prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that the mortgage given by Katz is a valid mortgage lien against the entire property. The defendants cross-moved for leave to reargue their opposition to that branch of the plaintiff's motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the LLC in the property is null and void, on the ground that the complaint was time-barred.
In an order dated September 13, 2022, the Supreme Court granted the plaintiff and the defendants leave to reargue. Upon reargument, the court, among other things, (1) vacated so much of the order dated June 30, 2021, as granted that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the LLC in the property is null and void, and thereupon, denied that branch of the plaintiff's prior motion and, (2) in effect, adhered to so much of the order dated June 30, 2021, as denied that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that Katz is the sole owner of the property and that the mortgage given by Katz is a valid mortgage lien against the entire property. The court determined that the fourth cause of action was time-barred. The plaintiff appeals.
The Supreme Court erred in determining that the fourth cause of action was time-barred. "'A cause of action seeking reformation of an instrument on the ground of mistake is governed by the six-year statute of limitations pursuant to CPLR 213(6), which begins to run on the date the mistake was made'" (Johnson v Broder, 112 AD3d 788, 788, quoting Taintor v Taintor, 50 AD3d 887, 888). Here, however, the deed, insofar as it purported to convey an interest in the property from Gold to the LLC, was void at its inception, since it is undisputed that the LLC did not exist at the time the deed was executed (see Matter of Hausman, 13 NY3d 408, 413). Since "a statute of limitations cannot validate what is void at its inception," the statute of limitations cannot act as a bar to the cause of action for a judgment declaring the LLC's purported interest in the property null and void (Faison v Lewis, 25 NY3d 220, 230; see OneWest Bank v Schiffman, 175 AD3d 1543, 1545). Accordingly, upon reargument, the court should have adhered to its original determination granting that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that any interest of the LLC in the property is null and void.
Contrary to the plaintiff's contention, however, upon reargument, the Supreme Court properly, in effect, adhered to its original determination denying that branch of the plaintiff's prior motion which was for summary judgment on so much of the fourth cause of action as was for a judgment declaring that Katz is the sole owner of the property and that the mortgage given by Katz is a valid mortgage lien against the entire property. The deed, insofar as it purported to convey an interest in the property from Gold to the LLC, was void at its inception (see Matter of Hausman, 13 NY3d at 413). Thus, the interest in the property that Gold purported to convey to the LLC remains with Gold.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court